MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
AURELIO VILLA GARCIA, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| TURKISH CORNER, INC.  (D/B/A | |
| ISTANBULBAY RESTAURANT F/K/A | **ECF Case** |
| ISTANBUL TURKISH CAFE AND | |
| RESTAURANT), B Z S TURKISH | |
| RESTAURANT, INC.  (D/B/A | |
| ISTANBULBAY RESTAURANT F/K/A | |
| ISTANBUL TURKISH CAFE AND | |
| RESTAURANT), ZAFER BOZKURTON | |
| (A.K.A ZAFER BOZKURT), SEYRAN SAY, | |
| and BLIKI DOE, | |

*Defendants.*
-------------------------------------------------------X

Plaintiff Aurelio  Villa Garcia ("Plaintiff Villa" or "Mr. Villa"), individually and on behalf

of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C.,

upon his knowledge and belief, and as against Turkish Corner, Inc. (d/b/a IstanbulBay Restaurant

f/k/a Istanbul Turkish Cafe and Restaurant), B Z S Turkish Restaurant, Inc. (d/b/a IstanbulBay

Restaurant f/k/a Istanbul Turkish Cafe and Restaurant), ("Defendant Corporations"), Zafer

Bozkurton (a.k.a Zafer Bozkurt), Seyran Say, and Bliki Doe, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Villa is a former employee of Defendants Turkish Corner, Inc. (d/b/a IstanbulBay Restaurant f/k/a Istanbul Turkish Cafe and Restaurant), B Z S Turkish Restaurant, Inc. (d/b/a IstanbulBay Restaurant f/k/a Istanbul Turkish Cafe and Restaurant), Zafer Bozkurton (a.k.a Zafer Bozkurt) , Seyran Say, and Bliki Doe.

2.     Defendants own, operate, or control a Turkish Restaurant, located at 2202 86th Street, Brooklyn, NY 11214 under the name "IstanbulBay Restaurant f/k/a Istanbul Turkish Cafe and Restaurant."

3.    Upon information and belief, individual Defendants Zafer Bozkurton (a.k.a Zafer Bozkurt), Seyran Say, and Bliki Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Villa was employed as a dishwasher and food preparer at the restaurant located at 2202 86th Street, Brooklyn, NY 11214.

5.    At all times relevant to this Complaint, Plaintiff Villa worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Villa appropriately for any hours worked either at the straight rate of pay or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiff Villa the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Villa wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Villa to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villa and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Villa now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Villa seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Villa's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Turkish Restaurant located in this district. Further, Plaintiff Villa was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Aurelio Villa Garcia ("Plaintiff Villa" or "Mr. Villa") is an adult individual residing in Kings County, New York.

16.     Plaintiff Villa was employed by Defendants at Istanbul Turkish Cafe & Restaurant from approximately October 2012 until on or about January 2, 2020.

17.     Plaintiff Villa consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a Turkish Restaurant, located at 2202 86th Street, Brooklyn, NY 11214 under the name "IstanbulBay Restaurant f/k/a Istanbul Turkish Cafe and Restaurant."

19.     Upon information and belief, Turkish Corner, Inc. (d/b/a IstanbulBay Restaurant f/k/a Istanbul Turkish Cafe and Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2202 86th Street, Brooklyn, NY 11214.

20.     Upon information and belief, B Z S Turkish Restaurant, Inc. (d/b/a IstanbulBay Restaurant f/k/a Istanbul Turkish Cafe and Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2202 86th Street, Brooklyn, NY 11214.

21.     Defendant Zafer Bozkurton (a.k.a Zafer Bozkurt) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Zafer Bozkurton (a.k.a Zafer Bozkurt) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Zafer Bozkurton (a.k.a Zafer Bozkurt) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Villa, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Seyran Say is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Seyran Say is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Seyran Say possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Villa, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Bliki Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Bliki Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Bliki Doe possesses

operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Villa, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants operate a Turkish Restaurant located in Bensonhurst a neighborhood in Brooklyn.

25.     Individual Defendants, Zafer Bozkurton (a.k.a Zafer Bozkurt), Seyran Say, and Bliki Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiff Villa's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Villa, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff Villa (and all similarly situated employees) and are Plaintiff Villa's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Villa and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendants Zafer Bozkurton (a.k.a Zafer Bozkurt) , Seyran Say, and Bliki Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entries of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiff Villa's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Villa, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Villa's services.

32.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34.     Plaintiff Villa is a former employee of Defendants who was employed as a dishwasher and food preparer.

35.     Plaintiff Villa seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Aurelio Villa Garcia*

36.     Plaintiff Villa was employed by Defendants from approximately October 2012 until on or about January 2, 2020.

37.     Defendants employed Plaintiff Villa as a dishwasher and food preparer.

38.     Plaintiff Villa regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Villa's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Villa regularly worked in excess of 40 hours per week.

41.     From approximately February 2014 until on or about December 31, 2015, Plaintiff Villa worked as a dishwasher from approximately 1:50 p.m. until on or about 2:15 a.m.,  Wednesdays through Mondays (typically 74.5  hours per week).

42.     From approximately January 1, 2016 until on or about January 2, 2020, Plaintiff Villa worked as a food preparer from approximately 4:50 p.m. until on or about 2:15 a.m., Wednesdays through Mondays (typically 56.5 hours per week).

43.     From approximately February 2014 until on or about December 31, 2015, Defendants paid Plaintiff Villa his wages in cash.

44.     From approximately January 1, 2016 until on or about January 2, 2020, Defendants paid Plaintiff Villa his wages in a combination of check and cash.

45.     From approximately February 2014 until on or about December 31, 2015, Defendants paid Plaintiff Villa a fixed salary of $675 per week.

46.     From approximately January 1, 2016 until on or about January 2,2020, Defendants paid Plaintiff Villa a fixed salary of $650 per week.

47.     Plaintiff Villa's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.     For example, Defendants required Plaintiff Villa to start working 10 minutes prior to his scheduled arrival time and to continue working 15 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

49.     From approximately February 2014 until on or about December 2016, defendants only granted Plaintiff Villa a 15 to 20-minute meal break.

50.     Although from approximately January 2017 until on or about January 2020, defendants granted Plaintiff Villa a one hour meal break, they constantly interrupted the break by requiring him to stop eating and get to work.

51.     In addition, from approximately January 2017 until on or about January 2020, Defendants deducted one hour a day from Plaintiff Villa's paycheck ($150 per week) for meal breaks they constantly did not allow him to take.

52.     Although defendants required Plaintiff Villa to punch in and out, their time records showed him working fewer hours per day than those he worked.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Villa regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Villa an accurate statement of wages, as required by NYLL 195(3).

55.     In fact, Defendants adjusted Plaintiff Villa's paystubs so that they reflected inaccurate wages and hours worked.

56.     Defendants did not give any notice to Plaintiff Villa, in English and in Spanish (Plaintiff Villa's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.     Defendants required Plaintiff Villa to purchase "tools of the trade" with his own funds—including four pairs of special kitchen shoes per year.

*Defendants' General Employment Practices*

58.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Villa (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

59.     Plaintiff Villa was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

60.     Defendants' pay practices resulted in Plaintiff Villa not receiving payment for all his hours worked, and resulted in Plaintiff Villa's effective rate of pay falling below the required minimum wage rate.

61.     Defendants habitually required Plaintiff Villa to work additional time beyond his regular shifts but did not provide him with any additional compensation.

62.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Villa worked.

63.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

64.     Defendants paid Plaintiff Villa his wages either in cash or in a combination of check and cash.

65.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Villa (and similarly situated individuals) worked, and to avoid paying Plaintiff Villa properly for his full hours worked.

67.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Villa and other similarly situated former workers.

69.     Defendants failed to provide Plaintiff Villa and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70.     Defendants failed to provide Plaintiff Villa and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.      Plaintiff Villa brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72.     At all relevant times, Plaintiff Villa and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

73.     The claims of Plaintiff Villa stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74.     Plaintiff Villa repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Villa's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Villa (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

76.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78.     Defendants failed to pay Plaintiff Villa (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.     Defendants' failure to pay Plaintiff Villa (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Villa (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

81.     Plaintiff Villa repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Villa (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.     Defendants' failure to pay Plaintiff Villa (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Villa (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

85.     Plaintiff Villa repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiff Villa's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiff Villa, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Villa less than the minimum wage.

88.     Defendants' failure to pay Plaintiff Villa the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Villa was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

90.      Plaintiff Villa repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Villa overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Villa overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Villa was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

94.     Plaintiff Villa repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants failed to pay Plaintiff Villa one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Villa's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

96.     Defendants' failure to pay Plaintiff Villa an additional hour's pay for each day Plaintiff Villa's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

97.     Plaintiff Villa was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

98.     Plaintiff Villa repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants failed to provide Plaintiff Villa with a written notice, in English and in Spanish (Plaintiff Villa's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to Plaintiff Villa in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101.    Plaintiff Villa repeats and realleges all paragraphs above as though fully set forth herein.

102.    With each payment of wages, Defendants failed to provide Plaintiff Villa with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.    Defendants are liable to Plaintiff Villa in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

104.    Plaintiff Villa repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants required Plaintiff Villa to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

106.    Plaintiff Villa was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

107.     Plaintiff Villa repeats and realleges all paragraphs above as though fully set forth herein.

108.     At all relevant times, Defendants were Plaintiff Villa's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

109.     Defendants made unlawful deductions from Plaintiff Villa's wages including, but not limited to, deductions for meals he never ate.

110.     The deductions made from Plaintiff Villa's wages was not authorized or required by law.

111.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Villa's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

112.     Plaintiff Villa was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

113.     Plaintiff Villa repeats and realleges all paragraphs above as though set forth fully herein.

114.     Defendants did not pay Plaintiff Villa on a regular weekly basis, in violation of NYLL §191.

115.     Defendants are liable to Plaintiff Villa in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Villa respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Villa and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Villa and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Villa's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Villa and the FLSA Class members;

(f)     Awarding Plaintiff Villa and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Villa and the FLSA Class members liquidated damages in an

amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Villa;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Villa;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Villa;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Villa;

(l)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Villa's compensation, hours, wages and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Villa;

(n)      Awarding Plaintiff Villa damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)      Awarding Plaintiff Villa damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiff Villa liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours

pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Villa and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Villa and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Villa demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 9, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                                   Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 17, 2020

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                    Aurelio  Villa Garcia

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     17 de enero 2019

*Certified as a minority-owned business in the State of New York*